11-5237
*United States v. Rose*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand thirteen.

PRESENT:

> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,[*]
> > *District Judge*.

—————————————————————————————————

UNITED STATES,

> > *Appellee*,

> -v.-                                                              No. 11-5237-cr

BRANDON ROSE,

> > *Defendant-Appellant*.

—————————————————————————————————


> > > DAVID J. WENC, Wenc Law Offices, Windsor Locks, CT, *for Defendant-Appellant*.

—————————————————————————————————

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

ROBERT M. SPECTOR (Sandra S. Glover, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Brandon Rose ("Rose") appeals from a December 14, 2011 judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*) sentencing him to 36 months' imprisonment for a violation of the terms of his supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

If a sentencing court finds that a defendant has violated the terms of his or her supervised release, it has the authority to revoke the conditions of supervised release and require the defendant to serve a term of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Sentencing Guidelines divide violations of conditions of supervised release into three grades: "A," "B," and "C." *See* U.S.S.G. § 7B1.1. The district court concluded that Rose, who was arrested by police with $998 in cash and three grams of crack cocaine, had committed the Grade A violation of possession of a controlled substance with intent to distribute. *See id.* § 7B1.1(a)(1) & cmt. 3; *see also id.* § 4B1.2(b). Rose does not contest the district court's factual findings. Rather, his only argument on appeal – which he did not make below – is that the district court should have found that his conduct constituted only a Grade B violation because it did not meet the requirements of a particular Connecticut criminal statute, Conn. Gen. Stat. § 21a-278.

Rose premises this argument on U.S.S.G. § 7B1.1(b), which states that when a "violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." Rose contends that § 7B1.1(b) compelled the district

court to determine the grade of his violation by reference to the state or federal statute having the highest maximum penalty under which his conduct could have been charged, which he alleges is Conn. Gen. Stat. § 21a-278. Because that statute requires the defendant to be "non-drug-dependent," Rose then maintains that his conduct did not constitute a violation of § 21a-278, that the district court did not make a finding that he was "non-drug-dependent," and that therefore he did not commit a Grade A violation. This argument is self-contradicting: it claims at once that Rose both did and did not violate § 21a-278. It also has no basis in U.S.S.G. § 7B1.1, which speaks in terms of violation grades, not specific criminal statutes. Section 21a-278 aside, Rose's conduct clearly violated other statutes that criminalize possession of narcotics with intent to distribute, a Grade A violation. *See* 21 U.S.C. § 841(a)(1); Conn. Gen. Stat. § 21a-277; *see also* U.S.S.G. § 7B1.1 cmt. 1 ("[T]he grade of the violation is to be based on the defendant's actual conduct.").

The district court did not err, much less plainly err, in concluding that Rose's conduct constituted a Grade A violation of the terms of his supervised release. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3